IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF VIRGINIA

Richmond Division

UNITED STATES OF AMERICA

v.  Civil Action Number 3:07CR337

JOSEPH KAKISH,

Defendant.

## **MEMORANDUM OPINION**

This matter is before the Court on the Defendant's motion to correct restitution (Docket No. 21). The government has filed a response (Docket No. 25), and this matter is ripe.

At the sentencing, the Defendant was ordered to pay restitution to the Internal Revenue Service (IRS) in the amount of $52,693. (Judgment, Dec. 10, 2007, Docket No. 14, at 5). Also included in the Judgment were Special Conditions of Supervised Release that included the following conditions relevant to the issue currently before the Court:

> (3) The defendant shall pay the balance owed on any court-ordered financial obligations in monthly installments of not less than $500, starting 60 days after supervision begins until paid in full.
> (4) As directed by the probation officer, the defendant shall apply monies received from income tax refunds, lottery winnings, inheritances, judgments, and any anticipated or unexpected financial gains to the outstanding court-ordered financial obligation.
> (5) The defendant must cooperate with the Internal Revenue Service for the collection of outstanding taxes, interest and penalties.
> (6) The defendant must file all delinquent and amended tax returns for the years 2001 – 2005. He must pay all taxes and penalties for these years, including interest.

1

(Judgment, Dec. 10, 2007, Docket No. 14, at 6).

The Defendant moves the Court to adjust the $52,693 amount of restitution previously ordered in this matter. He argues that the restitution was ordered pursuant to the Mandatory Victim Restitution Act, 18 U.S.C. § 3663A, and the Victim Witness Protection Act, 18 U.S.C. § 3663(a). He states that amended tax returns have been prepared and filed for the relevant tax years and that those returns resulted in a total tax liability of $38,207. He also attaches an affidavit to support his position that the amended returns have now been accepted by the IRS. The Defendant states that he has paid a total of $41,842 toward restitution, more than the IRS is due. He asks that the Court enter an order correcting the amount of restitution to be paid in this matter from $52,693 to $38,207. It appears that he also seeks early termination of his supervised release.

The government has confirmed with the IRS that the amended returns for the years 2002 through 2005 reflecting a tax liability of $38,207 were accepted by the IRS as the amount of tax owed for those years. However, as the government notes and the Defendant's exhibit confirms, this amount does not represent the total amount owed the IRS as it does not include interest and penalties.

The government also notes that the weight of authority holds that Title 26 offenses are not covered by either of the restitution statutes cited by the Defendant, although Section 3663(a)(3) provides that the Court "may also order restitution in any criminal case to the extent agreed to by the parties in a plea agreement." *See United States v. Mayhew*, 213 Fed. Appx. 586, *1 (9th Cir. 2006) (noting that a tax offense is not an enumerated offense in Section 3663(a)(1) but that Section 3663(a)(3) authorizes restitution for Title 26 offenses if agreed to by the parties).

In this case, as noted in paragraph 14 of the Presentence Investigation Report (PSR), as part of his Plea Agreement, the Defendant agreed to pay $52,693 and agreed to the entry of a Restitution Order for this amount. *See* Plea Agreement, Sep. 18, 2007, Docket No. 6, ¶¶ 8 & 9 ("The defendant agrees to the entry of a Restitution Order for the *full amount of the victims' losses*. At this time, the Government is aware that the following victims have suffered the following losses: Internal Revenue Service -- $52,693.00."). This amount was also set forth in the Statement of Facts as the "total amount of tax loss to the IRS during the relevant time period (2001 through 2005)." Statement of Facts, Sep. 18, 2007, Docket No. 7, ¶ 12. The $52,693 amount was the amount of tax loss to the IRS during the relevant time period as calculated by the IRS CID agent at that time, but that amount did not include interest and penalties and is not material to the question of whether the Court should now reduce the amount the Defendant must pay as restitution. The IRS CID agent's task was to calculate the tax loss for purposes of computing the United States Sentencing Guidelines, and the PSR confirms that this was the case.

In addition, there is no limitation on the predicate offenses for a court to impose restitution as a condition of probation or supervised release. *See United States v. Batson*, 608 F.3d 630, 636 (9th Cir. 2010) ("we hold that 18 U.S.C. § 3563(b)(2), which grants federal courts broad discretion to order restitution as a condition of probation, and 18 U.S.C. § 3583(d), which extends that grant to supervised release, authorizes federal courts to order restitution as a condition of supervised release for any criminal offense, including those set forth in Title 26, for which supervised release is properly imposed."); *United States v. Bugai*, 162 F.3d 1162, 1998 WL 553168 (6th Cir. 1998) (Table) (restitution for Title 26 tax offense authorized as condition of supervised release in accordance with 18 U.S.C. § 3583(d) and United States Sentencing

Guideline § 5E1.1(a)(2)). Thus, it is clear that the Court had the authority to impose restitution in this case, both as an independent component of the sentence because the Defendant agreed to the restitution order pursuant to 18 U.S.C. §3663(a)(3), and as a special condition of supervised release.

Further, nothing in the Judgment describes the amount of restitution ordered as tied to any particular loss incurred by the IRS. Although, as noted above, the $52,693 amount was the amount of tax loss to the IRS during the relevant time period as calculated by the IRS CID agent at the time the Statement of Facts, Plea Agreement, and PSR were prepared, that amount did not include interest and penalties. "Ordinarily, a tax loss calculation for a tax evasion offense does not include interest or penalties. In willful evasion of payment cases brought pursuant to 26 U.S.C. § 7201, however, interest and penalties are included. U.S.S.G. § 2T1.1, cmt. 1." *United States v. Thomas*, 666 F.Supp.2d 139, 144 (D. Me. 2009). Accordingly, while the government might have argued for the inclusion of interest and penalties in the relevant conduct calculation, it took the more benign approach and relied only on the agent's calculation of what was believed to be the actual tax loss.

According to the government, the Defendant still owes $63,962.63 in penalties and interest to the IRS for the tax years 2002 through 2005. Given the Defendant's agreement in the Plea Agreement "to the entry of a Restitution Order for the full amount of the victims' losses," the amount the Court ordered as restitution could have included the penalties and interest as that additional amount would have been a more accurate reflection of the "full amount of the [IRS's] losses" in this case.

Finally, as noted by the government, courts do not have inherent authority to modify a sentence at any time. *See United States v. Goodwyn*, 596 F.3d 233, 235 (4th Cir. 2010) ("[T]here is no 'inherent authority' for a district court to modify a sentence as it pleases.") (quoting *United States v. Cunningham*, 554 F.3d 703, 708 (7th Cir. 2009)). The Defendant has not cited any authority for such a modification, and the Court is aware of no such authority to modify a sentence approximately three years after imposition. The proper procedural mechanism to challenge a restitution order is a direct appeal. *See United States v. Millegan*, 2007 WL 2071784, *1 (D. Md. 2007) ("In failing to file a direct appeal, Defendant has waived his opportunity to challenge the restitution component of his sentence as imposed."). Thus, the Court has no authority to modify the amount of restitution the Defendant was ordered to pay. Further, even if the Court had such authority, it would not, for the reasons set forth herein, reduce the amount of restitution the Defendant was ordered to pay.

An appropriate Order shall issue.

December 3, 2010          /s/
DATE                      RICHARD L. WILLIAMS
                          SENIOR UNITED STATES DISTRICT JUDGE